UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**AMRA DOMAZET,**

                **Appellant,**                1:14-cv-1455
                                                                (GLS)

                v.

**WILLOUGHBY SUPPLY
COMPANY, INC.,**

                **Appellee.**
_____

## **SUMMARY ORDER**

Appellant Amra Domazet has appealed from an order of the Bankruptcy Court (Littlefield, J.), issued on November 14, 2014, which denied her motion for reconsideration of Bankruptcy Court's prior order granting appellee Willoughby Supply Company, Inc.'s motion for summary judgment. (Dkt. No. 1; Dkt. No. 1, Attach. 2 at 2; Dkt. No. 1, Attach. 3 at 5.) Pending is Willoughby's motion to dismiss the appeal as untimely. (Dkt. No. 2.) For the reasons that follow, the motion is granted.

Because the merits of the appeal are not at issue here, only a brief recitation of the facts is necessary. On September 4, 2014, Bankruptcy Court granted Willoughby's motion for summary judgment in an underlying adversary proceeding, finding that a particular debt owed by Domazet to

Willoughby was non-dischargeable pursuant to 11 U.S.C. §§ 523 and 727. (Dkt. No. 1, Attach. 1.) Domazet moved for reconsideration of that order, (Dkt. No. 2, Attach. 1 ¶ 10), and, on November 14, 2014, Bankruptcy Court denied that motion, (*id.* ¶ 13; Dkt. No. 1, Attach. 2 at 2). On December 1, 2014, Domazet filed a notice of appeal with respect to Bankruptcy Court's November 14 order. (Dkt. No. 1 at 1.)

In its motion, Willoughby argues that Domazet's notice of appeal is untimely and must be dismissed. (Dkt. No. 2, Attach. 3 at 2-7.) In response, Domazet argues that her notice of appeal is timely because Friday, November 28, 2014—the day after Thanksgiving and the fourteenth day after entry of the order appealed from—was a legal holiday, or, alternatively, that the clerk's office was inaccessible on that day, thus extending her time to file a notice of appeal until the following Monday, December 1. (Dkt. No. 3 at 4-5.) The court disagrees with Domazet.

District courts have jurisdiction to hear both interlocutory and final appeals from orders of the bankruptcy court. *See* 28 U.S.C. § 158(a). The Federal Rules of Bankruptcy Procedure provide the rules for taking an appeal from a judgment, order, or decree of a bankruptcy judge. *See* Fed. R. Bankr. P. 8001(a). Specifically, Rule 8003 provides that an appeal "may

2

be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002." *Id.* 8003(a)(1). Rule 8002, in turn, requires that "a notice of appeal must be filed with the bankruptcy clerk within [fourteen] days after entry of the judgment, order, or decree being appealed." *Id.* 8002(a)(1). "[T]he time limit contained in Rule 8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect." *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (internal quotation marks omitted).

Under certain circumstances, the rules regarding the computation of time provide for an extension of the last day to file. As relevant here, Rule 9006(a) provides that "if the last day [of a period to file] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a)(1)(C). The Rules explicitly define "legal holiday" as including:

> (A) the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day;

3

> (B) any day declared a holiday by the President or Congress; and
>
> (C) for periods that are measured after an event, any other day declared a holiday by the state where the district court is located.

*Id.* 9006(a)(6). Additionally, "if the clerk's office is inaccessible . . . on the last day for filing under Rule 9006(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." *Id.* 9006(a)(3)(A).

Here, Domazet concedes that her notice of appeal was not filed within fourteen days of the order appealed from, and instead was filed "on December 1, 2014, the first business day after November 28, 2014." (Dkt. No. 3, Attach. 1 ¶ 17.) She argues that, because the Chief Judge of the United States Court of Appeals for the Second Circuit issued an order closing that court on Friday, November 28, 2014, that day became "an official holiday," and therefore her time to file was necessarily extended until Monday, December 1. (*Id.* ¶¶ 15-16; Dkt. No. 3 at 4.) Domazet's argument is based on a faulty factual premise. The order issued by the Chief Judge of the Second Circuit states only that "[t]he Court will be closed on Friday, November 28, 2014." Court Order (Nov. 4, 2014), http://www.ca2.uscourts.gov/docs/court_closing_11_28.pdf. On its face,

4

that notice only applies to the Second Circuit and does not implicate either this court or the Bankruptcy Court for this district, nor does the order declare such date a legal holiday.  *Cf. Hart v. Sheahan*, 396 F.3d 887, 890 (7th Cir. 2005) ("The closure order had come from the chief judge of the district court, who of course is not the President and did not purport to be declaring a legal holiday and anyway lacked the authority to do so." (citing *Garcia-Velazquez v. Frito Lay Snacks Caribbean*, 358 F.3d 6, 9 (1st Cir. 2004))).  Domazet has not shown that any of the criteria set forth in Fed. R. Bankr. P. 9006(a)(6) for designation of November 28 as a "legal holiday" are present here, as there is no indication that it was declared such by the President, Congress, or the State of New York.  *See* N.Y. Gen. Constr. Law §§ 24, 25-a (McKinney 2015) (providing an extension for performing required acts when the last day falls on a Saturday, Sunday, or "public holiday," and listing Thanksgiving day, but not the day after Thanksgiving, as a "public holiday").  Domazet has thus provided no compelling authority for considering November 28, the day after Thanksgiving, as a "legal holiday" pursuant to Fed. R. Bankr. P. 9006(a)(6).

Alternatively, premised on the assumption that the clerk's office for the Bankruptcy Court of this district was closed on November 28, 2014,

Domazet contends that the clerk's office was inaccessible on that date, because "there was no [c]ourt employee available to process the Notice of Appeal." (Dkt. No. 3 at 4-5.) In response to this argument, Willoughby contends that the clerk's office was not inaccessible, as Domazet was able to file her notice of appeal electronically, regardless of whether the clerk's office was physically open or closed. (Dkt. No. 2, Attach. 3 at 6-7; Dkt. No. 4 at 6-8.) The court agrees with Willoughby.

Although Fed. R. Bankr. P. 9006(a)(3) does not define "[i]naccessibility," this provision has traditionally been applied in instances where the clerk's office or "courthouse is physically inaccessible," due to "inclement weather or other physical situation[s that] prevent[ ] anyone from filing documents." *In re: Buckskin Realty Inc*, 525 B.R. 4, 11-12 (Bankr. E.D.N.Y. 2015). More recently, several courts have appeared inclined to conclude that, given the advent of electronic case filing (ECF), a clerk's office is no longer "inaccessible" just because it may be physically closed on a particular day. *See, e.g.*, *Westfield Ins. Co. v. Interline Brands, Inc.*, Civil No. 12-6775, 2013 WL 1288194, at *5 (D.N.J. Mar. 25, 2013) ("Due to the electronic filing capabilities of the court, the [d]efendants were able to file their Notice of Removal on October 31, 2012,

6

on the electronic filing system (CM/ECF) despite the fact that the Clerk's Office was physically inaccessible on that date."); *Miller v. City of Ithaca*, No. 3:10-cv-597, 2012 WL 1589249, at *3 (N.D.N.Y. May 4, 2012) ("With electronic filing, the Clerk's office was accessible for purposes of filing papers and [d]efendants could have filed their motion in a timely manner."); *Shareef v. Donahoe*, No. 3:11-cv-00615-W, 2012 WL 934125, at *2 (W.D.N.C. Mar. 20, 2012) ("[A]ttorneys are not affected by the early closing of the Clerk's office because they have the ability (and are required) to file pleadings electronically and may do so until midnight of the filing deadline."); *In re Wholesale Grocery Prods. Antitrust Litig.*, No. 09-MD-2090, 2011 WL 586413, at *1 (D. Minn. Feb. 8, 2011) ("January 17, 2011 was a holiday, but the Court's electronic CM/ECF system was in operation and therefore the Clerk's Office was not 'inaccessible' as contemplated by Rule 6 of the Federal Rules of Civil Procedure."); *In re: Buckskin Realty Inc*, 525 B.R. at 11 (noting "case law [which] suggests that the advent of ECF has further restricted the meaning of inaccessibility," and finding that the clerk's office was not inaccessible, in part because "the [m]ovants [did] not allege a malfunction by the [c]ourt's ECF system"); *McDow, Jr. v. Runkle (In re Runkle)*, 333 B.R. 734, 739 n.3 (Bankr. D. Md.

7

2005) ("Filing by ECF ends the concept of the clerk's office being inaccessible on weekends and legal holidays. Under ECF, the clerk's office is always open for the reception of filings."). *But see, e.g.*, *Hellman v. Weisberg*, 360 F. App'x 776, 777-78 (9th Cir. 2009) (stating that, because "[t]he district court clerk's office was closed on the day [a] notice of appeal was originally due[,] . . . the office was 'inaccessible' within the meaning of Federal Rule of Appellate Procedure 26(a)(3)," and specifying that "[t]he availability of electronic filing does not change this result").

Here, Domazet has offered nothing to demonstrate that this District's Bankruptcy Court or the bankruptcy clerk's office was closed on November 28, 2014. However, even if it were physically closed, the court is not persuaded that the clerk's office was inaccessible for purposes of filing a notice of appeal, given the availability of ECF and the lack of any evidence or even allegation from Domazet that she attempted, and was unable, to file electronically. This is particularly germane in light of the express requirements in the applicable rules that all filings in Bankruptcy Court be made electronically. Specifically, Fed. R. Bankr. P. 8001(c), which governs appeals to the district court, states that "[a] document must be sent electronically . . . unless" a *pro se* party is involved "or the court's

8

governing rules permit or require mailing or other means of delivery." The Local Bankruptcy Rules for the Northern District of New York contain a similar requirement of electronic filing. *See* L.R. Bankr. N.D.N.Y. 5005-1(a). Lastly, Administrative Order No. 03-01, issued by the Bankruptcy Court for this District, clearly states that "documents filed in **all** cases on or after July 1, 2004 must be filed electronically." Thus, whether the clerk's office was physically open or closed for business is of no moment here, as Domazet was in any event required to file her notice of appeal electronically. Further, as mentioned above, Domazet has not argued, for example, that she attempted to file her notice of appeal electronically—as she was required to do—but that the electronic filing system was not properly functioning. *See, e.g.*, *In re Sands*, 328 B.R. 614, 619 (Bankr. N.D.N.Y. 2005) (explaining that "[i]f [a party]'s counsel could not submit a petition because the CM/ECF system experienced technical difficulties, counsel could submit proof that the problems at the clerk's office prevented the filing of the petition," making it "incumbent on the [filing party] to show that the clerk's office was subject to a CM/ECF system failure").

In sum, because Domazet has failed to establish that any exception to the fourteen-day filing requirement applies here, her notice of appeal is

9

untimely, and the court thus lacks jurisdiction to consider her appeal. *See Garvy v. Davis (In re Saint Vincent's Catholic Med. Ctrs. of N.Y.)*, No. 14 Civ. 7370, 2015 WL 1379104, at *1 (S.D.N.Y. Mar. 26, 2015); *Greenery Rehab. Grp., Inc. v. Sabol*, 841 F. Supp. 58, 61 (N.D.N.Y. 1993) ("Once challenged, the burden of establishing subject matter jurisdiction rests on the party asserting the jurisdiction." (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942))). While the court recognizes the arguable inequity in the decision reached here, it notes that the time limits set forth in the Bankruptcy Rules for the filing of an appeal are jurisdictional in nature, and thus do not invoke principles of equity.[1] *See In re Indu Craft, Inc.*, 749 F.3d 107, 114-15 (2d Cir. 2014) (holding that time limits prescribed by statute for appeals to district courts acting as appellate courts over bankruptcy matters are jurisdictional); *In re Saint Vincent's*, 2015 WL 1379104, at *1 ("Federal district courts' jurisdiction to hear bankruptcy appeals is circumscribed by 28 U.S.C. § 158(c)(2), which provides that bankruptcy appeals must be filed in the time provided by Rule 8002 of the Bankruptcy

---

[1] If Domazet had made a timely motion for an extension of time to file a late notice of appeal, the court, in that situation, would have been permitted to consider whether a late filing was justified by "excusable neglect." Fed. R. Bankr. P. 8002(d)(1)(B). However, no such motion was made here, and the court cannot construe Domazet's bare notice of appeal as seeking an extension of time in order to file a late notice of appeal. *See In re Saint Vincent's*, 2015 WL 1379104, at *2.

Rules." (internal quotation marks and citation omitted)); *see also United States v. Locke*, 471 U.S. 84, 101 (1985) ("Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.") For these reasons, the court lacks jurisdiction to entertain Domazet's untimely notice of appeal.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Willoughby's motion to dismiss the appeal as untimely (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that Domazet's notice of appeal (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

July 10, 2015
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court